MAJORITY OPINION
John Donovan, Justice *874 Appellant Michael Belle brings this appeal, pro se, from his conviction for unlawful possession of a firearm by a felon.[1] Appellant pled true to two enhancement allegations and the jury sentenced him to twenty-eight years in prison. We affirm.
Appellant's brief raises a number of issues.[2] We have addressed each issue that we have identified as being fairly included and have used appellant's nomenclature of the issues. See Tex. R. App. P. 38.1(f).
SUFFICIENCY OF THE EVIDENCE
In Part B of appellant's second issue he complains of the actions of the district attorney. In doing so, appellant argues the evidence is insufficient to support his conviction. Specifically, appellant argues that the State failed to prove beyond a reasonable doubt that he knowingly or intentionally possessed a firearm. As that is the only identifiable issue in part B upon which this court could grant relief, it is the only claim we address. Because this issue, if sustained, would result in rendition of a judgment of acquittal, we address it first. See Price v. State , 502 S.W.3d 278, 281 (Tex. App.-Houston [14th Dist.] 2016, no pet) ; see also Tex. R. App. P. 47.1.
When engaging in a review of the legal sufficiency of the evidence supporting a conviction, we "examine all of the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." Jackson v. Virginia , 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) ; Price v. State , 456 S.W.3d 342, 347 (Tex. App.-Houston [14th Dist.] 2015, pet. ref'd). In conducting the review we consider all evidence presented to the jury, whether properly or improperly admitted at trial. Thomas v. State , 753 S.W.2d 688, 695 (Tex. Crim. App. 1988).
As the reviewing court, we may not substitute our judgment for that of the fact finder by re-evaluating weight and credibility of evidence. Isassi v. State , 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Rather, we defer to the responsibility of the fact-finder to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. Id. Our duty as the reviewing court is to ensure the evidence presented actually supports a conclusion that the defendant committed the crime. Williams v. State , 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Therefore, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. McDuff v. State , 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).
Appellant was charged with intentionally and knowingly possessing a firearm more than five years after having been convicted of a felony at any location other than the premises at which he lived. See *875 Tex. Penal Code § 46.04 (a)(2). The State introduced evidence the firearm was found in a pocket of the jacket appellant was wearing, while not at the premises at which he lived. Appellant asserts the evidence does not connect him to the actual care, custody, control, or management of the firearm.
In cases involving possession of a firearm by a felon, we analyze the sufficiency of the evidence under the rules adopted for cases involving possession of a controlled substance. Corpus v. State , 30 S.W.3d 35, 37 (Tex. App.-Houston [14th Dist.] 2000, pet. ref'd). Accordingly, the State was required to prove that appellant knew of the weapon's existence and that he exercised actual care, custody, control, or management over it. Id. at 38. If the firearm is not found on the defendant, or if it is not in his exclusive possession, the State must offer additional, independent facts and circumstances affirmatively linking him to the firearm. Id.
Officer Vasquez testified that when he began patting appellant down for a safety check, he located a firearm, a Ruger 9-millimeter, in a pocket of appellant's jacket. When Vasquez removed the firearm, appellant advised him "there was one in the chamber." Appellant explained to Vasquez how to safely remove the bullet in the chamber.
According to appellant, the firearm was put in his jacket by his ex-girlfriend, Tekoa Scott, before he put the jacket on, and he was unaware of the firearm's presence in the jacket pocket. Appellant told the jury he was set-up by the police.
The firearm was found on appellant and he was in exclusive possession of it. The jury was free to disbelieve appellant's version as to how the firearm came to be in his possession. Taking the evidence in the light most favorable to the verdict, we conclude that any rational trier of fact could have found beyond a reasonable doubt all of the essential elements of the offense charged, including knowledge and control over the firearm. We overrule part B of issue two.
Issue One
Part A
Appellant complains of comments made by the trial court when appellant requested self-representation at trial. Appellant's brief contains no references to the record where such comments were made. See Tex. R. App. P. 38.1(i). Accordingly the issue is waived.
Part B
Appellant asserts the trial court abused its discretion by failing to remove his court-appointed counsel on August 19, 2015. The record reflects the trial court ultimately conducted a Spears[3] hearing, duly admonished appellant, and allowed him to represent himself. The trial court's adherence to the requisites of permitting a defendant to forego counsel does not constitute error. Part B is overruled.
Part C
Appellant argues the trial court abused its discretion in failing to hold a hearing on the following pre-trial motions: (1) to dismiss the indictment; (2) to suppress evidence; and (3) to exclude prior offenses. Appellant cites no authority in support of his argument. See Tex. R. App. P. 38.1(i). Accordingly the argument is waived. Appellant also complains the trial court abused its power by imposing co-counsel on him but fails to provide any citations to the record. See *876 Tex. R. App. P. 38.1(i). Accordingly, the complaint is waived. Part C is overruled.
Part D
Appellant claims the trial court abused its discretion by giving his copy of the video of his arrest to the State. Appellant's brief contains no references to the record pertinent to his claim.[4] See Tex. R. App. P. 38.1(i). The issue is waived.
Part E
Appellant contends the trial court erred in denying his motion to suppress the video of his arrest. Appellant claims the video was altered to delete evidence that would have proved exculpatory. Appellant asserts the complete video would have shown that the officer pointed the firearm at him and tried to pull the trigger but could not release the safety.
"As the movant in a motion to suppress evidence, a defendant must produce evidence that defeats the presumption of proper police conduct and therefore shifts the burden of proof to the State." Russell v. State , 717 S.W.2d 7, 9 (Tex. Crim. App. 1986) ), disapproved in part on other grounds by Handy v. State , 189 S.W.3d 296, 299 n. 2 (Tex. Crim. App. 2006) ; see also Ford v. State , 158 S.W.3d 488, 492 (Tex. Crim. App. 2005) ("To suppress evidence on an alleged Fourth Amendment violation, the defendant bears the initial burden of producing evidence that rebuts the presumption of proper police conduct."). The record reflects appellant presented no evidence to the trial court that the video was altered. There being no evidence of improper or unlawful conduct concerning the video in the context of a motion to suppress, we cannot say the trial court abused its discretion. Part E is overruled.
Part F
Appellant argues the trial court erred in sustaining the State's objection to his attempt to have Officer Brady Alexander read his report while on the stand and by refusing his request to admit the report into evidence. The record reflects appellant asked Alexander if he had a copy of his police report. Alexander answered in the affirmative and appellant then asked Alexander to read the statement. The State objected on the grounds the report was not in evidence and was hearsay. Appellant then sought to enter the statement into evidence to impeach Alexander. The trial court refused to admit the report into evidence on the basis it was hearsay. Appellant contends he had a statutory right for the police report to be entered into evidence as an official document.
"Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Tex. R. Evid. 801(d). Hearsay is not admissible unless it comes within an exception prescribed by statute or the Texas Rules of Evidence. Tex. R. Evid. 802 ; see Perry v. State , 957 S.W.2d 894, 896 (Tex. App.-Texarkana 1997, pet. ref'd). One exception to hearsay includes public records, reports, statements, or data compilations setting forth matters observed pursuant to a legal duty to report such matters. Tex. R. Evid. 803(8)(B) ; McLeod v. State , 56 S.W.3d 704, 710 (Tex. App.-Houston [14th Dist.] 2001, no pet.). However, in criminal cases, matters observed by police officers and other law enforcement personnel are excluded from this exception. Tex. R. Evid. 803(8)(B). Alexander's report is hearsay and does not fall within an exception to the rule. Accordingly, the trial did not err in refusing to admit it into evidence.
*877 Appellant further complains the trial court's decision to sustain the State's objection to the report was a denial of his right to self-representation. Appellant provides no explanation as to how the trial court's refusal to admit hearsay resulted in such a denial. Nor does appellant cite any legal authorities that would afford him appellate relief. We find this complaint to be without merit. Part F is overruled.
Part G
Appellant contends the trial court should have declared a mistrial when Scott failed to appear to testify. Appellant raised Scott's absence during the hearing on his motion to suppress but he did not move for a mistrial at that time. The next day, appellant moved for a mistrial on the grounds that trial was beginning and Scott, a material witness, was not present. The trial court overruled the motion.
The record reflects that on August 21, 2015, (trial began in March 2016) appellant filed a "Motion for Subpoena Duces Tecum." Appellant's motion did not state when Scott was to appear. See Tex. Code Crim. Proc. art. 24.01(a)(1). Scott was on the State's witness list but the State did not subpoena her. Appellant told the trial court that he had not had any contact with Scott since December 31, 2014. When Scott failed to appear at the hearing or on the day of trial, appellant did not request a writ of attachment or a continuance. See Tex. Code Crim. Proc. art. 24.12.
The first step for preserving error when a properly subpoenaed witness does not appear is to request a writ of attachment, which must be denied by the trial court. Sturgeon v. State , 106 S.W.3d 81, 85 (Tex. Crim. App. 2003). The record does not demonstrate Scott was properly subpoenaed. Even so, appellant never requested a writ of attachment. Accordingly, nothing is preserved for our review. Part G is overruled.
Part H
Appellant complains the trial court and the State had impermissible contact with the jury during the sentencing phase of trial. Appellant relies upon a form in the clerk's record entitled "Jury Communication" which states "TDC DOCUMENT SHOWN IN COURT ON OVERHEAD DURING SENTENCING." Appellant claims this showing occurred without his presence in contravention of article 36.27, entitled "Jury may communicate with court," which provides:
When the jury wishes to communicate with the court, it shall so notify the sheriff, who shall inform the court thereof. Any communication relative to the cause must be written, prepared by the foreman and shall be submitted to the court through the bailiff. The court shall answer any such communication in writing, and before giving such answer to the jury shall use reasonable diligence to secure the presence of the defendant and his counsel, and shall first submit the question and also submit his answer to the same to the defendant or his counsel or objections and exceptions, in the same manner as any other written instructions are submitted to such counsel, before the court gives such answer to the jury, but if he is unable to secure the presence of the defendant and his counsel, then he shall proceed to answer the same as he deems proper. The written instruction or answer to the communication shall be read in open court unless expressly waived by the defendant.
All such proceedings in felony cases shall be a part of the record and recorded by the court reporter.
Tex. Code Crim. Proc. art. 36.27. The record does not contain any communication from the jury to the court and does not *878 reveal whether or not appellant was in the courtroom when the TDC document[5] allegedly was shown on the overhead. In the absence of a record of the communication or a showing that appellant was absent when the TDC document allegedly was shown on the overhead, we cannot say the trial court erred. See Revell v. State , 885 S.W.2d 206, 212 (Tex. App.-Dallas 1994, pet. ref'd) ; see also Rodriguez v. State , 625 S.W.2d 101, 103 (Tex. App.-San Antonio 1981, pet. ref'd) (holding "that a communication between the judge and the jury, although not in compliance with art. 36.27, supra , is not reversible error unless it amounts to an additional instruction by the court upon the law or some phase of the case."). Part H is overruled.
Part I
In two separate sections, appellant complains of the trial court's instructions to the jury. The record reflects that no objections to the charge were made by appellant or the State.
Reversal is warranted in a case in which the defendant voiced no objection to the charge only if the error resulted in harm so egregious that the defendant did not have a fair and impartial trial. See Almanza v. State , 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) ; Lopez v. State , 515 S.W.3d 547, 551 (Tex. App.-Houston [14th Dist.] 2017, pet. ref'd). Egregious harm is a difficult standard to meet. Reeves v. State , 420 S.W.3d 812, 816 (Tex. Crim. App. 2013). For harm to be egregious, it must be actual and not just theoretical. Id. In making this determination, we consider 1) the complete jury charge, 2) the arguments of counsel, 3) the entirety of the evidence, including the contested issues and weight of the probative evidence, and 4) any other relevant factors revealed by the record as a whole. See Hollander v. State , 414 S.W.3d 746, 749-50 (Tex. Crim. App. 2013). "Neither party bears a burden of production or persuasion with respect to an Almanza harm analysis, the question being simply what the record demonstrates." Id. (citing Warner v. State , 245 S.W.3d 458, 464 (Tex. Crim. App. 2008) ).
In section one, appellant identifies the following error in the charge. The abstract portion of the charge states:
A person who has been convicted of a felony commits an offense if he possesses a firearm after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony ... at a location other than the premises at which the defendant lived.
(Emphasis added.) Section 46.04 of the Texas Penal Code states:
(a) A person who has been convicted of a felony commits an offense if he possesses a firearm:
(1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later; or
(2) after the period described by Subdivision (1), at any location other than the premises at which the person lives.
Tex. Penal Code § 46.04 (emphasis added.) The indictment correctly alleged appellant "did then and there, having been convicted of the felony offense of Deadly *879 Weapon in a Penal Institution on the 5th day of November 2001 ... intentionally or knowingly possess a firearm after the fifth anniversary of the defendant's release from confinement following conviction of said felony at a location other than the premises at which the defendant lived...." (Emphasis added.) The application paragraph provides:
Now, if you believe from the evidence beyond a reasonable doubt that on or about the 31st day of December, A.D., 2014, in Galveston County, Texas, the Defendant, MICHAEL BELLE, did then and there, having been convicted of the felony offense of Possession of a Deadly Weapon in a Penal Institution ... intentionally or knowingly possess a firearm after the fifth anniversary of the Defendant's release from confinement following conviction of said felony at a location other than the premises at which the Defendant lived ...."
(Emphasis added.)
We conclude the charge error did not cause egregious harm. The record reflects it was not a contested issue at trial whether subsection (1) or subsection (2) applied to the case at bar. The indictment and the application paragraph tracked the language of subsection (2). Nothing in the record before us suggests the jury was so confused by the complained-of instruction that appellant was denied a fair and impartial trial. See Herrera v. State , 527 S.W.3d 675, 679 (Tex. App.-Houston [14th Dist.] 2017, no pet.).
In the second section of Part I, appellant claims the trial court gave written instructions that are not in the record. The record reference appellant provides is to statements made by the trial court after the jury panel was sworn. The record reflects the trial court gave oral instructions to the jury; it does not establish any written instructions were given at that time. Appellant's complaint is without factual support in the record and so affords no basis for appellate relief. For these reasons, Part I is overruled.
Part J
Appellant next complains of the delay by the trial court and court reporter in sending him the record. While a defendant may be entitled to reversal if he is entirely deprived of the statement of facts, Timmons v. State , 586 S.W.2d 509, 512 (Tex. Crim. App. 1979), delay is not a basis for reversal. Reese v. State , 481 S.W.2d 841, 843 (Tex. Crim. App. 1972). Part J is overruled.
Issue Two
Part A
In Part A of his second issue, appellant asserts the State committed prosecutorial misconduct. Appellant alleges numerous acts. However, appellant does not refer this court to any place in the record where these allegations were made known to the trial court and an adverse ruling was obtained, both of which are a necessary prerequisite for appellate review.[6] See Tex. R. App. P. 33.1(a) . Rule 38.1(i) requires a brief's argument section to contain appropriate citations to the record. Tex. R. App. P. 38.1(i). Although we are to construe the appellate rules liberally, we are under no duty to make an independent search of the record to determine whether an assertion of reversible error is valid. See Segundo v. State, 270 S.W.3d 79, 106 (Tex. Crim. App. 2008) (op.
*880 on reh'g); Cook v. State , 611 S.W.2d 83, 87 (Tex. Crim. App. [Panel Op.] 1981) ; see also Lape v. State , 893 S.W.2d 949, 953 (Tex. App.-Houston [14th Dist.] 1994, pet. ref'd) (citing Cook , 611 S.W.2d at 87 ) (applying former Tex. R. App. P. 74(f) ). Appellant has therefore waived this issue. Part A is overruled.
Part C
Appellant again claims the State altered the video of his arrest. As noted above in our discussion of subpart E of issue one, appellant presented no evidence to the trial court that the video was altered. Part C is overruled.
Part D
Appellant next contends the indictment is insufficient for failure to state a material element. Specifically, appellant contends section 46.04 of the Texas Penal Code does not authorize a conviction for felon in possession of a firearm "after the fifth anniversary." As noted above in subpart I of issue one, section 46.04 of the Texas Penal Code states:
(a) A person who has been convicted of a felony commits an offense if he possesses a firearm:
(1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later; or
(2) after the period described by Subdivision (1), at any location other than the premises at which the person lives.
Tex. Penal Code § 46.04. The indictment correctly alleged appellant "did then and there, having been convicted of the felony offense of Deadly Weapon in a Penal Institution on the 5th day of November 2001 ... intentionally or knowingly possess a firearm after the fifth anniversary of the defendant's release from confinement following conviction of said felony at a location other than the premises at which the defendant lived...." (Emphasis added.) Appellant's complaint is without merit. Part D is overruled.
Part E
In his last issue, appellant complains of numerous statements by the district attorney. However, appellant does not refer this court to any place in the record where his objections were made known to the trial court and an adverse ruling was obtained, both of which are a necessary prerequisite for appellate review. See Tex. R. App. P. 33.1(a) . Rule 38.1(i) requires a brief's argument section to contain appropriate citations to the record. Tex. R. App. P. 38.1(i). Although we are to construe the appellate rules liberally, we are under no duty to make an independent search of the record to determine whether an assertion of reversible error is valid. See Segundo, 270 S.W.3d at 106 ; Cook , 611 S.W.2d at 87 ; see also Lape , 893 S.W.2d at 953. Appellant has therefore waived this issue. Part E is overruled.
Having overruled all of appellant's issues, we affirm the trial court's judgment.
( Frost, C.J., dissenting.)
Kem Thompson Frost, Chief Justice, dissenting.
DISSENTING OPINION
Appellant, a criminal defendant convicted of being a felon in possession of a firearm, has asserted his constitutionally protected right to represent himself in this appeal. He has filed a handwritten brief in this court. Appellant's lack of legal know-how makes some of his arguments hard to *881 discern and his brief challenging to process. The court disposes of five of appellant's issues on briefing waiver rather than address the merits of the arguments. A merits review might reveal reversible error.
Once a criminal defendant files a notice of appeal invoking the jurisdiction of this court,[1] we have the authority to address any issue or claim pertinent to the judgment, unless otherwise restricted by statute.[2] The Court of Criminal Appeals has underscored the importance of our role, explaining that we hold the authority to revise the whole case upon the law and facts, as shown by the record.[3] We have discretion to review claims preserved in the trial court but not raised by either party on appeal.[4] But, we have no discretion to pass over issues an appellant presents.[5] We are obliged to conduct a thorough review of an appellant's issues.[6]
Standards of Review Governing Briefing Waiver in Criminal Cases
Texas Rule of Appellate Procedure 38 spells out the briefing requirements.[7] Rule 38.1(i) provides that an appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."[8] But, Rule 38.9 tempers these requirements by providing that substantial compliance suffices.[9] Rules 38.1 and 38.9 are intended to ensure that courts decide cases on their merits, rather than dismiss them on technical grounds.[10] In keeping with this principle, courts of appeals seldom dispose of issues in criminal appeals based on briefing waiver. In Henry v. State , for example, we rejected the State's argument that the appellant had not adequately briefed an issue by failing to cite the record because we were able to locate the relevant exhibits on our own.[11] Generally speaking, in criminal appeals, if we can discern the gist of the complaint, we address the merits of the appellant's argument.
The Finding of Briefing Waiver in Today's Case
Issue One Part A: comments made by trial court
The court concludes that appellant waived his contention that the trial court showed bias because appellant's brief "contains no references to the record where such comments were made."[12] In his brief, appellant points to specific events. He asserts that the first time he went before the trial judge, on August 19, 2015, the trial judge stated, "you realize anyone who represents himself has a fool for a client." Appellant also explains that when the trial judge admonished him during the Spears *882 hearing,[13] she continually said "when you're convicted" instead of "if you're convicted." Appellant gives no specific record citation, but he gives the date of the hearing and identifies the judge's comments. Instead of finding briefing waiver based on appellant's failure to cite the record, practice and tradition call us to address the merits of appellant's argument.[14]
Issue One Part C: failing to hold a hearing on pre-trial motions
Under Part C, appellant asserts two issues. In the first, he says the trial court abused its discretion by not allowing him to file an interlocutory appeal of the judge's decision to hold hearings on appellant's pretrial motions before jury selection but later than appellant wanted the hearings to occur. The court disposes of this issue on briefing waiver, stating appellant did not provide either citations to the record or authority in support of his argument.[15] Appellant did both.
Appellant provides record citations in support of different points.
• Appellant cites page 11 of the Clerk's Record in support of his contention that he presented three motions and requested a ruling on the motions.
• Appellant cites pages 71 through 79 of the Clerk's Record to show where he presented his motion to dismiss the indictment.
• Appellant cites pages 80 through 85 of the Clerk's Record in reference to his motion to suppress evidence.
• Appellant cites pages 86 through 89 of the Clerk's Record in reference to his motion for a pretrial hearing on the admissibility of prior offenses.
Appellant cites to Texas Rule of Appellate Procedure 18.6 as the authority for his argument that he is entitled to an interlocutory appeal. Though the cited rule, which governs issuance of the mandate in accelerated appeals, is not the correct rule, the error is hardly fatal to a merits review. Parties, even represented ones, do not always cite the correct authority in support of their arguments and generally we still reach the merits. Appellant's argument can be understood and appellant's briefing substantially complies with the briefing rules.[16] Though his brief contains a reference to the wrong rule, we have addressed arguments with similar shortcomings.[17]
Issue One Part D: providing video of appellant's arrest to prosecutor
Under Part D, appellant claims that the trial court abused its discretion by giving the copy of his arrest video to the district attorney instead of to him. Appellant argues that the trial judge should have given a copy of the video directly to him because he explained to the trial judge that he would be allowed to watch the video at the jail. Though appellant cites to page ten of the clerk's record in support of his argument, the court disposes of appellant's issue on briefing waiver, citing as grounds *883 that appellant's brief contains no references to the record.[18]
Conclusion
Although appellant could have presented more cogent arguments and better citations in his pro se briefing to this court, appellant's briefing is not so poor that his arguments are unintelligible or unworthy of merits review. In some places, appellant's brief does not lack the citation to the record or citation to authority that the court cites as the reason for today's waiver-due-to-inadequate-briefing holdings. We would serve appellate justice best by opting for merits review and analyzing the issues appellant has raised in challenging his felony conviction. Because the court instead finds briefing waiver, I respectfully dissent.

Appellant also represented himself at trial.

As to the issues we determine were waived, the dissent does not identify which, if any, present reversible error.

Spears v. McCotter, 766 F.2d 179 (5th Cir.1985), overruled on other grounds by Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989).

Appellant's single record reference is to the trial court's "Case Summary."

The record does not reflect what the "TDC DOCUMENT" was but we note that during sentencing a fingerprint card for appellant and a pen packet were admitted into evidence (State's Exhibits four and six, respectively). No other documents were mentioned during the punishment phase.

Some of these same allegations were made in appellant's "Motion for 'Spears Hearing' Request for Dismissal of Court-appointed counsel; Petition for Self-representation," to which appellant does make reference. However, the trial court granted the relief requested in that motion and allowed appellant to represent himself at trial.

Pfeiffer v. State , 363 S.W.3d 594, 599 (Tex. Crim. App. 2012).

Id.

Id.

Id.

Volosen v. State , 227 S.W.3d 77, 80 (Tex. Crim. App. 2007).

Id.

Tex. R. App. P. 38.

Tex. R. App. P. 38.1(i).

Tex. R. App. P. 38.9.

Portillo v. State , 117 S.W.3d 924, 927 n.1 (Tex. App.-Houston [14th Dist.] 2003, no pet.).

See Henry v. State , 331 S.W.3d 552, 554 n.1 (Tex. App.-Houston [14th Dist.] 2011, no pet.).

See ante at ----.

See Spears v. McCotter , 766 F.2d 179, 180 (5th Cir. 1985) (suggesting procedure to investigate whether a prisoner's motion to proceed in forma pauperis should be denied on grounds of frivolity).

See Portillo v. State , 117 S.W.3d 924, 927 n.1 (noting that Rule 38.1 was intended to ensure that cases are decided on merits rather than dismissed on technical grounds).

See ante at ----.

See Tex. R. App. P. 38.1.

See Bufkin v. State , 179 S.W.3d 166, 173-74 (Tex. App.-Houston [14th Dist.] 2005), aff'd 207 S.W.3d 779 (Tex. Crim. App. 2006).

See ante at ----.