**Reversed and Remanded and Majority and Concurring Memorandum Opinions filed August 30, 2022.**



In The

# Fourteenth Court of Appeals

## NO. 14-21-00007-CR

**THE STATE OF TEXAS, Appellant**

**V.**

**VIDAL PAZ JUNIOR, Appellee**

**On Appeal from the County Criminal Court at Law No. 12
Harris County, Texas
Trial Court Cause No. 2263131**

## C O N C U R R I N G   M E M O R A N D U M   O P I N I O N

Acknowledging that the panel's judgment is consistent with this court's precedent while strongly disagreeing with that precedent, I respectfully concur. Specifically, I disagree with the deviation in our recent precedent from this court's precedents in other kinds of cases concerning (1) the inherent unreliability of out-of-court statements from law enforcement officers being utilized for the truths of the matters asserted; (2) affiants who swear to facts on behalf of another; and (3) an affiant's personal knowledge of facts. This tension will continue in our

court's jurisprudence until it is resolved.

Affidavits are statements "in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." Tex. Gov't Code Ann. § 312.011(1); *see also Mansions in the Forest, L.P. v. Montgomery Cnty.*, 365 S.W.3d 314, 316 (Tex. 2012) (per curiam). Unless authorized by statute, an affidavit is insufficient unless the allegations therein are direct and unequivocal and perjury can be assigned upon it. *Burke v. Satterfield*, 525 S.W.2d 950, 955 (Tex. 1975) (citing *Spinks v. Matthews*, 15 S.W. 1101 (Tex. 1891); *Graham v. McCarty*, 7 S.W. 342 (Tex. 1887); *Nagelson v. Fair Park Nat'l Bank*, 351 S.W.2d 925 (Tex. App.—Dallas 1961, writ ref'd n. r. e.) and cases cited therein).

An objection that an affiant lacks personal knowledge of facts recited in the affidavit is an objection as to the form of the affidavit. *See Dodge v. Durdin*, 187 S.W.3d 523, 532 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *Stewart v. Sanmina Tex. L.P.*, 156 S.W.3d 198, 207 (Tex. App.—Dallas 2005, no pet.). An objection to the form of an affidavit must be made in the trial court, or it is waived. *See Dodge*, 187 S.W.3d at 532. Here, Paz argued to the trial court that the complaint against him was defective because (among other things) the magistrate was unable to determine whether the affiant was credible. In the same paragraph, Paz directly invokes precedents concerning personal knowledge. Therefore, this issue is preserved and presented.

The complaint in the record is signed by an affiant who reveals she "has good reason to believe and does believe" that Paz committed a crime. The Supreme Court of Texas instructs us that such belief is legally insufficient. *Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008) (per curiam) ("An affiant's *belief* about the facts is legally insufficient.") (emphasis added). A legally insufficient belief about the facts giving rise to a crime is wholly insufficient to support a complaint

2

under Texas Code of Criminal Procedure article 2.04. *See* Tex. Code Crim. Proc. Ann. art. 2.04.

The panel's decision also deviates from Texas Supreme Court jurisprudence concerning an affiant's personal knowledge of relevant facts. *See In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 214 (Tex. 2004) (orig. proceeding) (per curiam) ("For an affidavit to have probative value, the affiant must swear that the facts presented in the affidavit reflect his personal knowledge.").

Here, the sworn information does not reveal that the affiant has personal knowledge of any facts. Therefore, it is legally insufficient. *See Kerlin*, 274 S.W.3d at 668 ("An affidavit showing no basis for personal knowledge is legally insufficient."); *see also B.Z.B., Inc. v. Clark*, No. 14-11-00056-CV, 2012 WL 353783, at *2-3 (Tex. App.—Houston [14th Dist.] Feb. 2, 2012, no pet.) (mem. op.) (holding statement that, as a direct result of a party's breach of contract, claimants lost the right to contest an allegedly erroneous judgment, was conclusory because it stated a conclusion and did not provide supporting facts); *Chea v. Poon*, No. 14-08-01134-CV, 2010 WL 4684711, at *6 (Tex. App.—Houston [14th Dist.] Nov. 18, 2010, pet. denied) (mem. op.) (holding statement that, if a defendant had performed under a contract, there would have been no foreclosure sale, was conclusory); *CA Partners v. Spears*, 274 S.W.3d 51, 63 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (holding statement that the last payment on the note at issue received from the maker was for $111.50 received in May 2004, was conclusory because it stated a conclusion and did not provide supporting facts).

An affiant's position or title may permit them to have sufficient personal knowledge of the facts. *See, e.g.*, *Valenzuela v. State & Cnty. Mut. Fire Ins. Co.*, 317 S.W.3d 550, 553 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing *Southtex 66 Pipeline Co. v. Spoor*, 238 S.W.3d 538, 543 (Tex. App.—Houston [14th Dist.] 2007, pet. denied)). Here, however, there is no evidence as to who the

3

affiant was, what their relationship was to the information they were conveying, how they developed their beliefs, when they developed those beliefs, or whether there was any indicia of reliability.

The panel concluded that the officer's narrative enabled a HCDAO employee to satisfy statutory requirements concerning informations. I respectfully disagree. The narrative at issue is an out-of-court statement being introduced to prove the truth of the matter asserted, *i.e.*, "defendant committed a crime;" this makes it hearsay. *See* Tex. R. Evid. 801. This hearsay is inadmissible. *Id.* at 802. This hearsay is not subject to an exception. *Compare id. with id.* at 803, 804 & 805. Further, the affidavit does not even identify the officer's narrative as the source of those facts.

"The general rule against the admission of hearsay statements is based on their inherent unreliability." *Fischer v. State*, 207 S.W.3d 846, 852 (Tex. App.— Houston [14th Dist.] 2006), *aff'd*, 252 S.W.3d 375 (Tex. Crim. App. 2008). Such statements have no probative weight and add zero credibility to an affiant's testimony. *See Kerlin*, 274 S.W.3d at 668 (affiant whose testimony was based on the facts that she "heard testimony", "reviewed documents", and "read historical accounts" "was hearsay and carrie[d] no probative weight" over objection) (citations omitted). The narrative at issue is effectively a police report. *See Fischer*, 207 S.W.3d at 851 ("under the facts presented in this case, Martinez's narrative is the functional equivalent of a police report or offense report offered for the truth of the matter asserted"). Such reports are inadmissible. *See Belle v. State*, 543 S.W.3d 871, 876 (Tex. App.—Houston [14th Dist.] 2018, no pet.) ("in criminal cases, matters observed by police officers and other law enforcement personnel are excluded" from the public records exception to the hearsay rule); *Baker v. State*, 177 S.W.3d 113, 122-23 (Tex. App.—Houston [1st Dist.] 2005, no pet.) ("[H]ad the State attempted to offer Officer Green's actual report into

4

evidence to prove that the observations contained in it were true, the report would properly have been excluded as inadmissible hearsay under rule 803(8)(B), given that Officer Green is a law-enforcement officer and that the report he prepared contains his observations."); *see also Ramirez v. State*, No. 14-06-00538-CR, 2007 WL 2127719, at *8 (Tex. App.—Houston [14th Dist.] July 26, 2007, pet. ref'd) (mem. op., not designated for publication) ("Even if the police report itself were admissible, any statements contained in that report would be subject to the hearsay rule and would have to qualify under an exception to be admissible. In this case, Chico's statements to Officer Selvera would be hearsay within the hearsay police report itself[.]") (internal citations omitted).

The panel's decision neither addresses nor even acknowledges the narrative as hearsay or a police report, thereby ignoring the uniformity of this court's decisions concerning the reliability of hearsay and police reports. This presents the extraordinary circumstance of an intermediate appellate court insisting that otherwise unreliable evidence is sufficient to subject citizens to prosecution. I recognize that our recent precedent about cases in this posture leaves the majority no choice but to come to this conclusion, but because it makes no sense in the context of our precedent overall, I concur.


/s/ Meagan Hassan
Justice


Panel consists of Chief Justice Christopher and Justices Hassan and Poissant (Poissant, J., majority).
Do Not Publish — Tex. R. App. P. 47.2(b).