**Affirmed and Memorandum Opinion filed October 4, 2022.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-21-00678-CR

**KELVIN QUINTANILLA, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 1653705**

## M E M O R A N D U M   O P I N I O N

A jury found Appellant Kelvin Quintanilla guilty of unlawfully possessing a firearm as a felon, and he was sentenced to 42 months' confinement. *See* Tex. Penal Code Ann. § 46.04(a). On appeal, Appellant challenges the sufficiency of the evidence supporting the jury's guilty finding. For the reasons below, we affirm.

BACKGROUND

Appellant was arrested for unlawfully possessing a firearm as a felon and proceeded to a jury trial in November 2021.

A single witness testified at trial: Officer DeLeon, one of the officers on the scene at the time of Appellant's arrest, said she was dispatched to an apartment complex in west Houston in response to a 9-1-1 call. The State offered into evidence a recording of the 9-1-1 call, on which Complainant's mother states that Complainant's boyfriend was at the apartment and had hit Complainant.

Officer DeLeon said she arrived at the apartment complex and made contact with Complainant and other officers who were present at the scene. Officer DeLeon recalled seeing a bite mark on Complainant's cheek and a scratch on her eye. Officer DeLeon said she was informed that Complainant's boyfriend had left the scene and that he "had a gun in his pocket before he left the apartment."

According to Officer DeLeon, she had been on the scene for approximately 20 minutes when Appellant returned. Officer DeLeon recalled that officers told Appellant to put his hands behind his back but Appellant "continued to walk away from us." Officer DeLeon said the officers proceeded to detain Appellant. Officer DeLeon testified that the officers chose this course of action because they "want[ed] to protect anyone there, officers, bystanders, [and] Complainant" because they "had knowledge that [Appellant] did have a firearm."

Describing the "struggle" that ensued, Officer DeLeon said Appellant "was resisting the arrest. He kept refusing to give us his hands, furthering the altercation with us. And he would not listen to any verbal command that we gave him." Officer DeLeon testified that, during the struggle, a firearm was recovered from Appellant's pocket. When asked whether the firearm was "in [Appellant's] pocket

while his hands were free," Officer DeLeon responded "yes."

During Officer DeLeon's testimony, the State moved to admit into evidence the firearm, magazine, and bullets recovered from the scene. Appellant's counsel took Officer DeLeon on voir dire and asked her specific questions about the sequence of events preceding the recovery of the firearm. Officer DeLeon testified that she "did not personally see the item being removed" from Appellant but, during the struggle, saw Officer Bray engage with Appellant and "throw [the firearm] behind him" into the grass. Appellant's counsel objected to the admission of the evidence, citing the "Confrontation clause on whoever removed [the firearm] and chain of custody." The trial court overruled the objections and admitted into evidence the firearm, magazine, and bullets.

Officer DeLeon continued to describe the encounter with Appellant and said that, during the struggle, none of the officers had drawn their service weapons. Officer DeLeon testified that Appellant's firearm was "the only weapon that was drawn at the time" and recalled that it was loaded. Officer DeLeon said she picked the firearm up off the ground where it had been thrown by Officer Bray.

After the parties rested, the jury returned a verdict finding Appellant guilty of possession of a firearm by a felon. The jury assessed punishment at 42 months' confinement. The trial court signed a judgment of conviction and Appellant timely appealed.

## ANALYSIS

Appellant's sole issue on appeal challenges the legal sufficiency of the evidence supporting the jury's guilty finding. Within this issue, Appellant also argues that (1) the State failed to establish the chain of custody with respect to the firearm, and (2) he was denied his right to confront Officer Bray.

3

For a legal sufficiency challenge, we view all evidence in the light most favorable to the jury's verdict and determine whether, based on that evidence and any reasonable inferences that could be drawn therefrom, a rational factfinder could have found the elements of the charged offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)). We do not sit as a thirteenth juror and may not substitute our judgment for that of the factfinder by reevaluating the weight and credibility of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Rather, we defer to the factfinder to weigh the evidence, resolve conflicts, and draw reasonable inferences from basic facts to ultimate facts. *Id*. This standard applies to both direct and circumstantial evidence. *Id*. Each fact need not point directly and independently to the appellant's guilt so long as the cumulative effect of all incriminating evidence is sufficient to support the conviction. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

Within his sufficiency challenge, Appellant raises evidentiary arguments premised on chain of custody and the Confrontation Clause. However, all evidence admitted at trial — including improperly admitted evidence — is considered in a legal sufficiency review. *See Chambers v. State*, 805 S.W.2d 459, 460 (Tex. Crim. App. 1991) (en banc); *Crow v. State*, 500 S.W.3d 122, 128 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd).

Applying this standard here, we conclude that legally sufficient evidence supports the jury's guilty finding. Appellant was charged under Texas Penal Code section 46.04 which states, in relevant part:

> A person who has been convicted of a felony commits an offense if he possesses a firearm ... after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision

4

under community supervision, parole, or mandatory supervision, whichever date is later[.]

Tex. Penal Code Ann. § 46.04(a)(1). In cases involving possession of a firearm by a felon, we analyze the sufficiency of the evidence under the rules adopted for cases involving possession of a controlled substance. *See Belle v. State*, 543 S.W.3d 871, 875 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Therefore, the State was required to prove that Appellant knew of the weapon's existence and that he exercised actual care, custody, control, or management over it. *See id.*

Before Officer DeLeon's testimony, the State offered into evidence a judgment dated August 24, 2017, which shows that Appellant was convicted of second-degree felony robbery and sentenced to two years' confinement. The incident at issue in the underlying proceeding occurred on November 16, 2019, therefore falling within section 46.04's five-year limitation period. *See* Tex. Penal Code Ann. § 46.04(a)(1).

Testifying at trial, Officer DeLeon said she arrived at Complainant's apartment complex and was informed that Appellant was carrying a firearm when he left the scene. When Appellant returned to the complex, Officer DeLeon said officers attempted to detain him but Appellant "resist[ed] the arrest" and would not listen to verbal commands. During the "struggle," Officer DeLeon said she saw Officer Bray engage with Appellant and throw a firearm into the grass. Officer DeLeon said the officers did not have their service weapons drawn during the encounter with Appellant; rather, Appellant was the only person who had drawn his firearm. According to Officer DeLeon, Appellant's firearm was "in his pocket while his hands were free." Officer DeLeon testified that she recovered the firearm from the grass where it had been thrown by Officer Bray.

This evidence, considered in the light most favorable to the jury's verdict, is

legally sufficient to support Appellant's conviction for being a felon in possession of a firearm. *See* Tex. Penal Code Ann. § 46.04(a)(1); *Gear*, 340 S.W.3d at 746. Specifically, this evidence and the inferences that may be drawn therefrom show that Appellant (1) knew of the firearm's existence, and (2) exercised actual care, custody, control, or management over it. *See Belle*, 543 S.W.3d at 875.

Appellant's other arguments do not warrant revisiting the jury's verdict. First, Appellant presents his chain of custody argument as follows:

> The critical early steps in the chain of custody are not shown by the evidence in this case, specifically the gun being in the possession of [Appellant], to then being recovered by Officer Bray, to then being tossed to the ground by Officer Bray, and to then finally being picked up or retrieved by Officer DeLeon. The testimony in this case, based solely upon Officer DeLeon's recollection of the event, is that she saw Officer Bray toss a firearm to the ground, and then she picked up the firearm from the ground. The State is missing the critical first steps.

With respect to chain of custody, the State need only prove the beginning and end; it need not show a "moment-by-moment account of the whereabouts of evidence from the instant it is seized." *Shaw v. State*, 329 S.W.3d 645, 654 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (internal quotation omitted). But the argument Appellant raises here appears to challenge the sufficiency of the evidence showing what happened ***before*** the firearm was in the State's possession, namely, whether Officer Bray recovered the firearm from Appellant's person. This is not a chain of custody argument but rather challenges the sufficiency of the evidence to support the underlying conviction. *See* Tex. Penal Code Ann. § 46.04(a) ("A person who has been convicted of a felony commits an offense if he ***possesses*** a firearm . . . .") (emphasis added). As we discussed above, the evidence presented at trial and the reasonable inferences that may be drawn therefrom are sufficient to support Appellant's conviction. *See id.*; *Gear*, 340 S.W.3d at 746.

Turning to Appellant's Confrontation Clause argument, he contends:

> As Officer Bray was not called as a witness in this case, [Appellant] was denied his right to confront a witness against him. Officer DeLeon relied on what she said she saw (and didn't see) during Officer Bray's physical altercation or struggle with [Appellant]. However, [Appellant] was denied his right to confront Officer Bray, who was the most crucial witness in the first steps of the chain of custody.

The Sixth Amendment's Confrontation Clause prohibits the State from introducing a testimonial hearsay statement unless (1) the declarant is unavailable to testify, and (2) the defendant had a prior opportunity to cross-examine the declarant. *Bullcoming v. New Mexico*, 564 U.S. 647, 657-58 (2011); *Paredes v. State*, 462 S.W.3d 510, 514 (Tex. Crim. App. 2015). The Court of Criminal Appeals has summarized three kinds of testimonial statements: (1) "ex parte in-court testimony or its functional equivalent," *i.e.*, "pretrial statements that declarants would expect to be used prosecutorially;" (2) "extrajudicial statements contained in formalized testimonial materials," such as affidavits, depositions, or prior testimony; and (3) "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Langham v. State*, 305 S.W.3d 568, 576 (Tex. Crim. App. 2010).

Here, Appellant does not point to — and our review of the record did not find — any testimonial hearsay statements that fall within the Confrontation Clause's purview. Officer DeLeon did not testify as to any statements made by Officer Bray; rather, she only testified as to what she observed during the encounter with Appellant. Therefore, Appellant's Confrontation Clause argument fails. *See Paredes*, 462 S.W.3d at 514; *Langham*, 305 S.W.3d at 576.

We conclude that legally sufficient evidence supports Appellant's conviction and that the other arguments he raises on appeal do not warrant reversal. We

7

overrule Appellant's sole issue on appeal.

## CONCLUSION

We affirm Appellant's conviction.

/s/    Meagan Hassan
Justice

Panel consists of Chief Justice Christopher and Justices Wise and Hassan.
Do Not Publish — Tex. R. App. P. 47.2(b).