

# NUMBER 13-22-00310-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**MARCOS CAVAZOS JR.,**                                         **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                             **Appellee.**

---

### On appeal from the 319th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Contreras**

After the trial court denied his pretrial motion to suppress evidence, appellant Marcos Cavazos Jr. pleaded guilty to the offense of driving while intoxicated (DWI), third or more offense, a third-degree felony. *See* TEX. PENAL CODE ANN. §§ 12.34, 49.09(b)(2). Pursuant to a plea agreement between appellant and the State of Texas, the trial court

sentenced appellant to ten years' confinement, suspended the sentence, and placed appellant on five years' community supervision. By his sole appellate issue, appellant asserts that the trial court erred by denying his motion to suppress evidence. We affirm.

## I. BACKGROUND

A grand jury indicted appellant on October 13, 2021. The indictment alleged that appellant operated a motor vehicle while intoxicated on June 26, 2021, after having been convicted of two previous DWI offenses. On November 1, 2021, appellant moved "to suppress illegally seized evidence" contending that, among other things, all evidence, photographs, statements, law enforcement testimony, and "the results of any scientific tests or procedures" were the fruits of an illegal traffic stop and should be suppressed. On February 15, 2022, the trial court heard arguments and evidence on appellant's motion.

Officer Donald Hatch of the Nueces County Constable's Office, Precinct 5, testified that he was working on the morning of June 26, 2021. At some point, he learned that appellant had engaged in "theft of service at a bar" and received appellant's vehicle's information, including its license plate number. Officer Hatch located a vehicle matching the description of appellant's traveling in the direction of the bar. Officer Hatch testified that he was simply "going to follow the vehicle and see if [appellant] returned to the location to take care of the bar tab or whatever the problem was supposed to have been." However, appellant "failed to maintain a single lane and crossed the yellow lane divider where there was oncoming traffic," so Officer Hatch "felt it necessary to . . . stop the vehicle." Officer Hatch noted that "the standard behavior for a sober driver" was to

2

"[m]aintain a single lane between the lines." No other witnesses testified at the hearing.

In closing arguments, appellant argued that the State failed to meet its "burden to show that [Officer Hatch's] traffic stop was supported by probable cause." The State argued that appellant's erratic driving alone, or coupled with Officer Hatch's knowledge that appellant had recently been at a bar, sufficed to support a legal stop. Without ruling on the motion, the trial court requested briefing from both parties and then concluded the hearing. On April 22, 2022, the trial court denied appellant's motion to suppress evidence.

Appellant later pleaded guilty to the offense but retained his right to challenge pretrial rulings. The trial court sentenced him as stated above, and this appeal followed.

## II.  SUPPRESSION OF EVIDENCE

Appellant presents his sole argument in the form of a question: "Did the trial court err in denying [appellant]'s Motion to Suppress[] (finding that Officer Donald Hatch had reasonable suspicion to stop [appellant] for failing to maintain a single lane)[?]" Appellant does not, however, endeavor to answer that question for the Court. Instead, in six short paragraphs, appellant merely sets out some law on the matter and then abruptly ends his brief without analysis.

To present an issue for appellate review, an appellant's "brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i); *see Hinds v. State*, 627 S.W.3d 803, 805 (Tex. App.—Corpus Christi–Edinburg 2021). "As the complainant on appeal, an appellant has the burden to inform us of the supposed error and explain why it warrants reversal of the judgment. It is not our obligation to divine or develop issues for him." *Louis v. State*, 61

3

S.W.3d 593, 599 (Tex. App.—Amarillo 2001, pet. ref'd). "[W]e are under no duty to make an independent search of the record to determine whether an assertion of reversible error is valid." *Belle v. State*, 543 S.W.3d 871, 879 (Tex. App.—Houston [14th Dist.] 2018, no pet.). "Nothing is preserved for review if the appellant does not direct the [C]ourt to the proper place in the record where we may find the complained-of error." *Torres v. State*, 979 S.W.2d 668, 671 (Tex. App.—San Antonio 1998, no pet.). Here, appellant has utterly failed set forth any analysis in support of his appellate issue. We thus overrule his issue for insufficient briefing. *See* TEX. R. APP. P. 38.1(i).

Nevertheless, we note that appellant also fails on the merits of his argument. "We review a trial court's ruling on a motion to suppress using a bifurcated standard for an abuse of discretion." *State v. Espinosa*, 666 S.W.3d 659, 667 (Tex. Crim. App. 2023). "We defer to a trial court's findings of fact that are supported by the record" but "review de novo legal questions and mixed questions that do not turn on credibility and demeanor." *Id.* "The evidence and all reasonable inferences are viewed in the light most favorable to the trial court's ruling," which "must be upheld if it is reasonably supported by the record and is correct under a theory of law applicable to the case." *Id.*

"A warrantless traffic stop is a Fourth Amendment seizure that is analogous to temporary detention; thus, it must be justified by reasonable suspicion." *State v. Hardin*, 664 S.W.3d 867, 872 (Tex. Crim. App. 2022); *see* U.S. CONST. amend. IV. "Reasonable suspicion exists if the officer has specific articulable facts that, combined with rational inferences from those facts, would lead the officer to reasonably conclude the person is, has been, or soon will be engaged in criminal activity." *Hardin*, 664 S.W.3d at 872. In

4

determining questions of reasonable suspicion, we consider the totality of the circumstances. *Id.*

Section 540.060 of the Texas Transportation Code states in part that "[a]n operator on a roadway divided into two or more clearly marked lanes for traffic: (1) shall drive as nearly as practical entirely within a single lane; and (2) may not move from the lane unless that movement can be made safely." TEX. TRANSP. CODE ANN. § 545.060(a). Section 545.051 notes that, save for exceptions inapplicable here, "[a]n operator on a roadway of sufficient width shall drive on the right half of the roadway." *Id.* § 545.051(a).

At the suppression hearing (though not on appeal), appellant asserted that the State failed to prove that he violated § 545.060 given the court of criminal appeals' recent holding in *Hardin*. *See* 664 S.W.3d at 870. In *Hardin*, the court held that § 545.060's subsections combine to form one offense and, so, a driver only violates the statute when the driver "fails to maintain a single marked lane of traffic in an unsafe manner." *Id.* at 876. But, as the State correctly highlights on appeal, *Hardin* says nothing about § 545.051. And "[t]raveling across the yellow line into oncoming traffic is a traffic violation in itself and does not require the additional element of an unsafe maneuver by the driver as does . . . § 545.060." *Griffin v. State*, 54 S.W.3d 820, 823 (Tex. App.—Texarkana 2001, pet. ref'd); *see also Johnson v. State*, 365 S.W.3d 484, 489 (Tex. App.—Tyler 2012, no pet.) (upholding the trial court's denial of the appellant's motion to suppress evidence because "[Officer] Skinner's stopping [a]ppellant's vehicle was justified based on [a]ppellant's violation of [§] 545.051(a), which does not contain an 'unless the movement can be made safely' exception to the prohibition against crossing the center line");

5

*Bracken v. State*, 282 S.W.3d 94, 98 (Tex. App.—Fort Worth 2009, pet. ref'd) (concluding the same because reasonable suspicion existed based on appellant's crossing the "the center line of the two-lane, two-way roadway").

Here, the facts are not in dispute, as the only evidence before the trial court at the suppression hearing was Officer Hatch's testimony. Officer Hatch testified that he was informed that appellant had been at a bar and purportedly skipped out on his tab. Officer Hatch stated that he was given a description of appellant's vehicle and its license plate number. Officer Hatch located the vehicle and saw that it "failed to maintain a single lane" and crossed the "yellow lane divider where there was oncoming traffic." And Officer Hatch did not believe that activity to be consistent with a sober driver.

Appellant's crossing the center dividing line alone would suffice for reasonable suspicion to initiate a traffic stop. *See* TEX. TRANSP. CODE ANN. § 545.051(a); *Hardin*, 664 S.W.3d at 872 ("If an officer has a reasonable suspicion that a person has committed a traffic violation, the officer may conduct a traffic stop."); *Griffin*, 54 S.W.3d at 823. We therefore conclude that Officer Hatch had reasonable suspicion to stop appellant. Accordingly, the trial court did not err by denying appellant's motion to suppress evidence.

## III.    CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
17th day of August, 2023.